E-FILED
Thursday, 19 January, 2017  04:50:18 PM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT

VERMILION COUNTY, DANVILLE, ILLINOIS

FILED
DEC 0 5 2016

Dennis Gardner
Clerk of the Circuit Court
Vermilion County, Illinois

| | |
|---|---|
| LATANA LILLARD | ) |
| Plaintiff, | ) |
| | ) Case No: 2016-L-78 |
| vs. | ) |
| | ) |
| CITY OF DANVILLE. | ) |
| an Illinois Municipal Corporation   Defendant | ) |

## COMPLAINT

Comes now the Plaintiff, LATANA LILLARD., in the above entitled cause, and files this Complaint against the Defendant, City of Danville, an Illinois Municipal Corporation, pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Illinois Human Rights Act, and in support of said Complaint, states as follows:

### COUNT 1

1. That Plaintiff, LATANA LILLARD is a 38 year old adult female resident of Danville, Vermilion County, Illinois.
2. That Defendant, CITY OF DANVILLE, is an Illinois Municipal Corporation in Vermilion County, Illinois with its principal office located at: 17 W. Main Street Danville, IL 61832.
3. That Plaintiff is an individual with Degenerative Disc Disease, a disability that falls within the meaning of the Illinois Human Rights Act, Section 1-103(I).
4. That Plaintiff was employed by the Defendant in or about June 2002 as a Probationary Officer.
5. That on January 16, 2015, Plaintiff was on medical leave from her employment with the Defendant.
6. That upon information and belief, on January 16, 2015, Bruce Starks, an agent of the Defendant, subjected the Plaintiff to unequal terms and conditions of employment, when he denied the Plaintiff access to the Public Safety Building.
7. That upon information and belief, similarly situated non-disabled employees were not subjected to unequal terms and conditions of employment under similar circumstances.


EXHIBIT A

8. That the plaintiff complained to the EEOC on or about September 7, 2016, and that a copy of the Plaintiff's Notice of Right to Sue letter is attached hereto as **Exhibit A**.

## COUNT 2

9. The allegations of paragraph 1 and 2 apply to this count also.
10. That Plaintiff is an individual with Chronic Left Radiculopathy, a disability that falls within the meaning of the Illinois Human Rights Act, Section 1-103(I).
11. That Plaintiff was employed by the Defendant in or about June 2002 as a Probationary Officer.
12. That on January 16, 2015, Plaintiff was on medical leave from her employment with the Defendant.
13. That on January 16, 2015, Bruce Starks, and agent of the Defendant, subjected the Plaintiff to unequal terms and conditions of employment when he denied the Plaintiff access to the Public Safety Building.
14. That similarly situated non-disabled employees were not subjected to unequal terms and conditions of employment under similar circumstances.

## COUNT 3

15. The allegations of paragraph 1 and 2 apply to this count also.
16. Plaintiff, an African American, is a member of a protected class within the meaning of Title VII.
17. That Plaintiff was employed by the Defendant in or about June 2002 as a Probationary Officer.
18. That on January 16, 2015, Plaintiff was on medical leave from her employment with the Defendant.
19. That on January 16, 2015, Bruce Starks, an agent of the Defendant, subjected the Plaintiff to unequal terms and conditions of employment when he denied the Plaintiff access to the Public Safety Building.
20. That similarly situated non-African American employees were not subjected to unequal terms and conditions of employment under similar circumstances.

## COUNT 4

21. The allegations of paragraph 1 and 2 apply to this count also.
22. Plaintiff, a woman, is a member of a protected class within the meaning of Title VII

23. That Plaintiff was employed by the Defendant in or about June 2002 as a Probationary Officer.
24. That on January 16, 2015, Plaintiff was on medical leave from her employment with the Defendant.
25. That on January 16, 2015, Bruce Starks, an agent of the Defendant, subjected the Plaintiff to unequal terms and conditions of employment when he denied the Plaintiff access to the Public Safety Building.
26. That similarly situated male employees were not subjected to unequal terms and conditions of employment under similar circumstances.

Plaintiff suffered economic loss in the form of lost past, current, and future wages, retirement, medical and other compensatory benefits losses as a result of the direct and proximate cause of the Defendant and/or its agents unlawful actions.

Wherefore, Plaintiff prays that the proper process issue to the defendant and that upon a hearing upon this Court grant a judgment for the plaintiff and against the defendant for any and all actual, special, compensatory, and punitive damages to which this Honorable Court deems the plaintiff to be entitled and for attorney fees, interest, court costs and any and all further relief under the applicable statutes mentioned above to which this Honorable Court deems the plaintiff to be entitled.

The plaintiff further prays for any and all such other and further relief which this Court may grant and which this Court feels the plaintiff to be entitled. Plaintiff demands that jury try its cause.

Witness my signature this the 5th day of December, 2016.

_____
**Attorney for Plaintiff**

Kevin D. Dixon
PO Box 1531
Danville, IL 61834
(217) 806-0579
kevindixon.lawoffice@gmail.com

## AFFIDAVIT

STATE OF ILLINOIS

COUNTY OF VERMILION

Personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within-named LATANA LILLARD who, being by me first duly sworn according to law, states on oath that the allegations of the above and foregoing Petition are true and correct as therein stated and set forth.

SWORN TO AND SUBSCRIBED BEFORE ME on this the 5th day of December, 2016.

OFFICIAL SEAL
RICHARD R ROSEDALE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/08/20

Notary Public

Exhibit A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | LaTana Lillard<br>410 E. Roselawn Street<br>Danville, IL 61832 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2015-01708 | Daniel Lim,<br>State & Local Coordinator | (312) 869-8082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman/kt*

Julianne Bowman,
District Director

September 7, 2016
(Date Mailed)

Enclosures(s)

cc:
CITY OF DANVILLE, A MUNICIPAL CORPORATION
c/o David B. Wesner, Esq.
17 West Main Street
Danville, IL 61832

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LATANA LILLARD, )<br>)<br>PLAINTIFF, )<br>v. )<br>)<br>)<br>CITY OF DANVILLE, )<br>AN ILLINOIS MUNICIPAL CORPORATION, )<br>)<br>DEFENDANT. ) | CASE NO.: |

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2017, I electronically filed *Defendant's Notice of Removal on behalf of City of Danville,* with the Clerk of Court using the CM/EFC system and served it on the following persons:

Kevin D. Dixon
P.O. Box 1531
Danville, Illinois 61834
kevindixon.lawoffice@gmail.com

by placing a true and correct copy of the same in an envelope addressed as set forth above with sufficient postage affixed, and by placing said envelope in the mail located at 200 W. Adams Street, in the City of Chicago, County of Cook, State of Illinois, on or before the hour of 5:00 p.m. on January 19, 2017.

BY:  _____s/*Dominick L. Lanzito*_____
Attorneys for Defendant, City of Danville

Dominick L. Lanzito
PETERSON, JOHNSON & MURRAY
200 W. Adams St., Suite 2125
Chicago, IL 60606
Telephone:   312/782-7150
dlanzito@pjmlaw.com